UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   CR. No. 05-131 S
                                    )
EDWARD BAEZ.                        )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Defendant-Petitioner Edward Baez has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 41) in the above-captioned matter. For the reasons that follow, the motion is DENIED.

I.  Background and Travel

On November 23, 2005, Baez was indicted by a grand jury sitting in the District of Rhode Island. This resulted from a six-month investigation by members of federal and local law enforcement agencies into illegal "crack" cocaine trafficking being conducted in and around Providence, Rhode Island.

After pleading guilty to two counts of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Baez was sentenced on January 5, 2007, to 121 months imprisonment on each count, to be served concurrently with each other, and

1

five years supervised release on each count, also to be served concurrently.  An assessment of $200.00 was also imposed.  He appealed the Judgment to the Court of Appeals for the First Circuit, but the First Circuit affirmed the Judgment on August 7, 2008, on the ground that Baez had waived his right to appeal.

Baez filed the instant motion to vacate on August 2, 2011.[1]  The Government filed its objection (ECF No. 46) on November 22, 2011, and Baez thereafter filed his response (ECF No. 51) to the Government's objection as well as exhibits in support of his motion (ECF No. 52).  No hearing is necessary.[2]

---

[1] Baez has also filed two motions for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF Nos. 44, 48).

[2] Although Baez requests an evidentiary hearing, a defendant is not entitled to an evidentiary hearing in a § 2255 proceeding as a matter of right. David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (citing United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).  The Court of Appeals for the First Circuit has stated that, even if requested, a hearing is unnecessary when a § 2255 motion is inadequate on its face; the movant's allegations, even if true, do not entitle him to relief; or the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible. Id.; see also McGill, 11 F.3d at 226 ("In other words, a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." (internal citation and quotation marks omitted)); United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988) ("Generally, when a court disposes of a § 2255 petition without a hearing,

II. Discussion

Section 2255 provides in relevant part:

> A person in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A. Timeliness

Baez raises a number of alleged violations of his constitutional rights. (Baez Br. i, ECF No. 41-1.) Baez, however, must overcome certain procedural hurdles before the Court may address the merits of his claims. The Government contends, and Baez concedes, that his motion was filed more than one year after the judgment against him became final. (Gov't Obj. 7; Baez Br. 4.) Baez, however, relies on the following exception to § 2255's one-year limitation period:

The limitation period shall run from the latest of--

. . . .

---

allegations must be accepted as true except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."). It is the defendant-petitioner's burden to establish the need for an evidentiary hearing. McGill, 11 F.3d at 225.

>       (4) the date on which the facts supporting the claim
>       or claims presented could have been discovered
>       through the exercise of due diligence.

28 U.S.C. § 2255(f). According to Baez, "newly discovered evidence," specifically the fact that a key member of the prosecution team, Joseph Colanduono, was involved in illegal activity before, during, and after Baez's conviction and that the illegal activity was connected to the charges against him, renders his conviction invalid. (Baez Br. i.) This "newly discovered evidence" underlies all of Baez's claims. (Id.)

>   Baez explains that:
>
>   Recently, a member of that joint investigation, Joseph
>   Colanduono a former detective with the Providence
>   Police Department and a key member of the government's
>   prosecution team, plead guilty to 5-counts of a 9-
>   count indictment charging him with conspiracy,
>   larceny, cocaine possession, concealment of a felony
>   and harboring. Colanduono was sentenced on February
>   17, 2011, in the Superior Court of the State of Rhode
>   Island in Providence to a term of 20 years
>   imprisonment with 8 years to serve on each count.

(Baez Br. 3.) While Colanduono was arrested in March 2010, more than one year before the filing of Baez's motion, he did not plead guilty until December 2010. The Court assumes, for the sake of argument, that § 2255's one-year limitations period was not triggered until the latter date and that the motion is therefore timely.

4

B.  Merits

1.  Newly Discovered Evidence

The First Circuit has held that "new evidence claims . . . are cognizable grounds of relief only in post-trial motions for a new trial and not under habeas or its section 2255 surrogate." <u>Conley v. United States</u>, 323 F.3d 7, 13-14 (1st Cir. 2003). Thus, Baez's motion must fail to the extent it is predicated upon the existence of newly discovered evidence, without more.

2.  <u>Brady</u>

Baez, however, also claims that the prosecution suppressed exculpatory evidence in violation of the rule announced in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). "The essential elements of a <u>Brady</u> claim are well-established: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" <u>United States v. Aviles-Colon</u>, 536 F.3d 1, 19 (1st Cir. 2008) (quoting <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999)). In assessing prejudice where a defendant has pleaded guilty, courts must ask "whether there is a 'reasonable probability' that a defendant would have refused to plead and would have gone to trial but for the prosecution's

5

withholding of the evidence." United States v. Kellett, 62 F.3d 1411, at *1 (1st Cir. 1995) (table).

Here, even assuming that the Government suppressed evidence of Colanduono's criminal activity, a dubious proposition at best given Baez's concession that members of the prosecution team were unaware of the misconduct,[3] Baez cannot establish prejudice. Baez's motion is solely predicated upon Colanduono's convictions, but he does not dispute the Government's contention that Colanduono never provided any sworn testimony in connection with the present case. Rather, it was Detective Robert Enright[4] who testified before the grand jury and provided the affidavit in support of the search warrants. Similarly, other officers were present during searches of Baez's car and house, which resulted in the discovery and seizure of cocaine. Moreover, while Baez asserts, in conclusory fashion, that Colanduono's misconduct was ongoing during the 2005 investigation giving rise to the instant charges, the supporting documentation he provides indicates that the charges against Colanduono stem from events

---

[3] See, e.g., Campiti v. Matesanz, 186 F. Supp. 2d 29, 49 (D. Mass. 2002), aff'd, 333 F.3d 317 (1st Cir. 2003).

[4] While Enright was initially charged with harboring a criminal, those charges were ultimately dismissed. See Gregory Smith, Providence Officer Pleads; Charges Dropped against 2nd, Providence J., Dec. 29, 2010, news.providencejournal.com/breaking-news/2010/12/police-defendants-to-appear-in.html.

in 2009 and 2010. Finally, and most significantly, the evidence proffered by Baez has no direct relevance to his own guilt or innocence. For these reasons, Baez cannot establish a reasonable probability that, had evidence of Colanduono's criminal activity been available as impeachment evidence, he would not have pleaded guilty to possession of cocaine with intent to distribute.

3. Search Warrants

Baez's claim that Colanduono made statements under oath in order to obtain search warrants is clearly contradicted by the record. Enright, not Colanduono, provided the affidavit in support of the warrants.[5]

4. Innocence

Finally,[6] Baez contends that "it is . . . highly questionable, given [Colanduono's] involvement in the very same crime which Petitioner has been accused of, that any evidence that was reportedly found on the Petitioner or in his home could

---

[5] Baez also appears to suggest that Colanduono gave statements under oath in support of an arrest warrant. However, there is no evidence in the record indicating that any arrest warrant was issued. Moreover, in his reply, Baez fails to contest the Government's claim that Colanduono never provided any sworn testimony in this case.

[6] Baez's only additional ground for relief consists of a mere assertion that he is subject to illegal restraint. This claim fails to raise any legal argument distinct from those previously discussed.

7

not have been placed there by the police officer himself in order to affect [sic] an arrest." (Baez Br. 9.) It is worth noting that Baez stops short of asserting his actual innocence, instead merely suggesting that his guilt is "highly questionable."

A § 2255 petitioner may overcome a procedural default if he shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, because the Court has considered Baez's claims on the merits, his actual innocence argument is moot to the extent it is designed to overcome a procedural default. To the extent Baez asserts a "freestanding innocence claim" as a basis for post-conviction relief,[7] he has failed to meet his "extraordinarily high" burden. House v. Bell, 547 U.S. 518, 555 (2006) (internal quotation marks omitted). Indeed, the evidence at issue here is not directly probative of Baez's guilt or innocence. Rather, it is merely evidence that could have been used to impeach Colanduono had he testified against Baez at trial.

---

[7] This type of claim represents a narrow exception to the general rule that new evidence claims are not cognizable on a § 2255 motion.

III. Conclusion

For the foregoing reasons, the instant motion to vacate is hereby DENIED and DISMISSED.

### RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Baez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Baez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*William E. Smith*
William E. Smith
United States District Judge
Date: August 21, 2013